IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID ROBERT BENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-1064-DRH-RJD |
| | ) | |
| WILLIAM QUALLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff David Robert Bentz, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff alleges that prison officials failed to treat his neck injury and broken finger, and he also contends that prison officials have engaged in a pattern of harassment and retaliation against him. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed in this action on the following claims (as enumerated in the Court's screening order):

Count Two: Eighth Amendment deliberate indifference claim against Defendants Furlow, Yankey, Gross, James, Threadgill, Qualls, Allsup, McClure, and Lashbrook for subjecting Plaintiff to unprovoked harassment in the form of threats of physical and sexual harm between August 2017 and December 2017.

Count Three: Eighth Amendment deliberate indifference claim against Defendants Furlow, Yankey, Gross, and Lashbrook for subjecting Plaintiff to excessive force between August 2017 and December 2017.

Count Four: First Amendment retaliation claim against Defendants Furlow, Yankey, Gross, Allsup, Lashbrook, Threadgill, Fritsche, Mears, and James for taking adverse action against Plaintiff (*e.g.*, denying him medical care, harassing

him, and/or denying him access to the courts) between August 2017 and March 2018, all because he filed grievances and suits against Menard officials.

Plaintiff's claims concerning his medical care were severed into a separate action.

This matter is before the Court on Plaintiff's Motion for Documents and Docket Sheet(s), and to Stay Each Action Individually Pending Remedy of Issues (Doc. 20), Plaintiff's Motion to Strike Exhibits from Complaint (Doc. 21), Defendants' Motion for Order to Show Cause (Doc. 22), Plaintiff's Motion for Appointment of Counsel (Doc. 28), and Plaintiff's Motion for Documents and Docket Sheet(s), and Extension of any Deadlines (Doc. 29). The Court has reviewed the aforementioned motions and any responses thereto and sets forth its rulings as follows.

1. **Plaintiff's Motion for Documents and Docket Sheet(s), and to Stay Each Action Individually Pending Remedy of Issues (Doc. 20)**

Plaintiff complains that he is not receiving all filings in this action, as well as other filings in numerous actions filed in this Court. Plaintiff asserts that the Clerk of Court is failing to mail filings because he is not part of the e-filing system. Plaintiff asks the Court for docketing statements in each of his pending actions to be sent via certified mail and also e-filed. Plaintiff also asks that the Court set a hearing and stay the deadlines in this action until this issue is resolved.

Plaintiff's Motion is **DENIED**. Plaintiff has provided no particularized argument to support his speculation that he is not receiving documents in this case. Indeed, Plaintiff fails to point to any filing he believes he has not received. Moreover, any request for a stay of the deadlines in this matter is premature as no scheduling order has been entered. Finally, the Court notes that General Order 15-05 entered on November 5, 2015, does not require the Clerk of Court to mail copies of all filings. Rather, the institutional law library staff at Plaintiff's facility is to

print off notices of electronic filings and, for court issued documents, the entirety of the same. Insofar as Plaintiff is having issues with his institution, he should address it with the personnel at his facility.

2. **Plaintiff's Motion to Strike Exhibits from Complaint (Doc. 21)**

Plaintiff asks the Court to strike the exhibits submitted in support of his complaint as Defendants dispute the authenticity of the same and have "threatened" him with a motion for sanctions. Defendants filed a response to Plaintiff's motion indicating that while they do not object to the striking of the exhibits, they want to provide background to the Court concerning Plaintiff's motion. Defendants explain that in review of Plaintiff's complaint they discovered that Plaintiff forged Counselor Allsup's response to a grievance at Doc. 1-1, page 21. Defendant Allsup, as well as Menard Correctional Center Investigations Unit staff, confirmed that the handwriting and signature in her supposed response does not match her actual handwriting or signature. Defendants assert that Allsup's actual response to this grievance is found at Doc. 1-3, pages 9 and 13. Defendants explain that after this forgery was discovered counsel sent Plaintiff a Rule 11 letter and a proposed motion for sanctions on August 1, 2018. Plaintiff filed the motion now before the Court seeking to correct the improper conduct.

Plaintiff's motion to strike is **GRANTED**. The Clerk of Court is directed to **STRIKE** the exhibits attached to Plaintiff's complaint. Plaintiff is **WARNED** that any misrepresentations made to the Court may be met with sanctions, up to and including dismissal of this action.

3. **Defendants' Motion for Order to Show Cause (Doc. 22)**

Along with their response in opposition to Plaintiff's motion for documents (Doc. 20), Defendants filed a motion for order to show cause, asking the Court to order Plaintiff to show

cause why sanctions should not be issued against him for committing a fraud upon the Court. In their motion, Defendants explain that despite Plaintiff's assertion that some entity or person is obstructing his receipt of filings in his pending legal matters, Plaintiff appears to be preventing his receipt of legal filings. Defendants explain that three different mailings have been returned to sender with a notation of "Inmate Refused" written on the envelope. In support of their motion, Defendants provided an incident report written and signed by Security Specialist Cox on August 13, 2018, explaining that he attempted to deliver Plaintiff two pieces of legal mail from Attorney General Lisa Madigan. Plaintiff refused receipt of the mail and it was returned to the mailroom. Another incident report concerning the same issue was submitted and signed August 23, 2018. Defendants supplemented their motion with additional documentation concerning Plaintiff's refusal to accept legal mail (*see* Doc. 27-1).

Although well-taken, Defendants' request for a show cause order is **DENIED** at this time. Plaintiff is **ADVISED** to accept his legal mail so he may continue litigating his cases. Plaintiff is **WARNED** that any misrepresentations to the Court concerning receipt of legal mail or any other issue may be met with sanctions, up to and including dismissal of this lawsuit.

4. **Plaintiff's Motion for Appointment of Counsel (Doc. 28)**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether he has been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).

If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has met his threshold burden by showing that he has made reasonable, albeit unsuccessful attempts to recruit counsel. However, the Court finds that Plaintiff appears competent to litigate this matter at this time. Plaintiff is well-known to this Court, having filed dozens of civil rights actions during the past four years. Plaintiff is well-versed in court procedures and, as demonstrated by his filings in this matter, he is able to articulate clearly and effectively. Plaintiff indicates that an attorney is needed to assist with discovery as this case is complex and will likely require expert witnesses. Although Plaintiff's concerns are noted, this case is in its initial stages and discovery on the merits is not to commence until the issue of exhaustion of administrative remedies is decided. For these reasons, Plaintiff's motion for appointment of counsel is **DENIED**.

5. **Plaintiff's Motion for Documents and Docket Sheet(s), and Extension of any Deadlines (Doc. 29)**

Plaintiff's request for copies of documents is **DENIED** based on his failure to specify, in

writing, exactly which documents he wants and to provide pre-payment of the fee for photocopies to the Clerk of Court. As a general rule, the District Clerk will mail paper copies of any document only after receiving a written request for specific documents along with prepayment of the required fee (i.e., $.50 per page). To assist Plaintiff in making a proper request, the Clerk is **DIRECTED** to provide him with a copy of the public docket sheet in this case only. Insofar as Plaintiff asks the Court to direct officials at Menard to rectify issues he is having with receiving documents, Plaintiff's request is **DENIED**. The Court is not inclined to interfere with the operations of Menard and Plaintiff should address his concerns at the institutional level.

**IT IS SO ORDERED.**

**DATED: December 5, 2018**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**