# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:18-CV-1064-NJR-RJD |
| WILLIAM QUALLS, JASON FURLOW, YANKEY, DEAN GROSS, KRISTA ALLSUP, JACQUELINE LASHBROOK, THREAD GILL, FRITSCHE, MISS MEARS, and MR. JAMES, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 31), which recommends denying the motions for preliminary injunction and temporary restraining order filed by Plaintiff David Robert Bentz (Docs. 8, 13, & 15). For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety.

Bentz, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, alleges his constitutional rights were violated when Defendants were deliberately indifferent to his medical needs after he injured his finger, and retaliated against him for exercising his First Amendment rights by harassing him, using excessive force against him, and/or failing to intervene to stop

the force (Doc. 1). Bentz's deliberate indifference claims have been severed into a separate action (Doc. 7.).

In his complaint, Bentz requested the Court to "immediately arrange for Defendant's Jason Furlow, Mason Yankey, Dean Gross, Sgt. Mr. James, to be T.R.O. from this Plaintiff" and to arrange for Bentz to receive pain medication, muscle relaxers, and medical attention for his finger (*Id.*). On May 7, 2018, District Judge David Herndon denied the request (Doc. 4), but added a motion for preliminary injunction to the docket for further consideration (Doc. 8).[1] Bentz sought reconsideration of Judge Herndon's Order, which was denied on June 7, 2018 (Doc. 7).

On June 29, 2018, Bentz filed a motion for preliminary injunction, temporary restraining order, and sanctions against Defendant Allsup (Doc. 13). He alleges Allsup retaliated against him for filing this action by issuing him a false disciplinary ticket, which resulted in denial of his access to the law library, commissary, legal storage, exercise time, and showers (Doc. 13). On July 26, 2018, Bentz filed a motion for preliminary injunction in all 15 cases he has pending in this Court, alleging he is indigent and being denied writing supplies necessary to the pursuit of his lawsuits (Doc. 15).

Defendants responded to the July 2018 motion arguing, in part, that Bentz is no longer indigent, based on the balance of his Inmate Trust Fund account; his motion is unrelated to any of the issues in this case; Bentz filed a myriad of documents across multiple cases, including a 159-page complaint, during the time he was allegedly denied

---

[1] On December 19, 2018, the case was transferred to the undersigned District Judge because of Judge Herndon's upcoming retirement (Doc. 33).

access to writing supplies; and the potential harm to the IDOC that would result from granting the injunction outweighs the harm to plaintiff that would occur if the injunction was denied (Doc. 16).

On December 5, 2018, Judge Daly recommended that Bentz's motions be denied (Doc. 31). She found Bentz's request for preliminary injunction in his complaint fails to demonstrate a likelihood of imminent, irreparable harm. Judge Daly noted that the last alleged incident of harassment occurred in December 2017, and Bentz has not alleged any more recent incidents since. Judge Daly denied Bentz's request for medical attention because the deliberate indifference claims were severed into another suit. Judge Daly rejected Bentz's subsequent requests for preliminary injunctions against Defendant Allsup and for writing supplies, because the motions improperly assert additional claims and/or name additional defendants. Judge Daly also reasoned that granting Bentz's motions would require the Court to interfere with the day-to-day administration of an IDOC facility. Finally, she pointed out that Bentz has made numerous filings in this case, so there seems to be no interference with his ability to litigate. Objections to the Report and Recommendation were due December 19, 2019, but none were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S.

140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Bentz's complaint, the record, and Magistrate Judge Daly's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Judge Daly and finds no clear error. All of Bentz's motions fail to demonstrate he will suffer imminent, irreparable harm absent preliminary injunctive relief. He has not alleged any harassing incidents involving the officials named in his initial request since December 2017, his request for medical attention is unrelated to this case, and his other requests improperly add new claims and/or defendants. Additionally, granting the preliminary injunctions would result in improper interference with IDOC's administration of its facility.

Accordingly, the Court **ADOPTS** Magistrate Judge Daly's Report and Recommendation (Doc. 31) in its entirety and **DENIES** the motions for preliminary injunction (Docs. 8, 13, & 15) filed by Plaintiff David Bentz.

IT IS SO ORDERED.

DATED: March 11, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**