IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ROBERT BENTZ,**

          **Petitioner,**

v.

**WILLIAM QUALLS,** *et al.***,**

          **Respondents.**

**Case No. 18-CV-01064-SPM**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    This matter is before the Court on a motion for sanctions (Doc. 72) filed by Defendants Krista Allsup, Fritsche, Jason Furlow, Thread Gill, Dean Gross, Mr. James, Jacqueline Lashbrook, Michael Maciura, Miss Mears, William Qualls, and Yankey ("IDOC Defendants"). The IDOC Defendants allege that Plaintiff David Robert Bentz failed to respond to their interrogatories and requests for production, even after they mailed Bentz a letter attempting to resolve any potential dispute surrounding the request. The IDOC Defendants then filed the motion for sanctions in October 2020. In the interim, the Court stayed the dispositive motion deadline (Doc. 75). Bentz did not file a response to the motion, but did file a motion for contempt of court in December 2020, which the Court denied (Docs. 73, 76).

    Federal Rule of Civil Procedure 37(d)(1)(A)(ii) states that the Court may order sanctions via motion if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve answers, objections, or a written response." The sanctions options include dismissing the action or proceeding in whole. Fed. R. Civ. Pro. 37(d)(3) (referencing, *inter alia*, 37(b)(2)(A)(v)). Dismissal

with prejudice is an appropriate sanction for failure to comply with discovery orders. *See Jacobs v. Frank*, 349 Fed. App'x 106, 107 (7th Cir. 2009); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 910 (7th Cir. 2003); *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992).

The Court finds that Bentz failed to comply with discovery orders by not responding to the IDOC Defendants' interrogatories and requests for production, even after a reminder letter. Bentz has an extensive litigation history. He has filed 24 lawsuits in this district alone. It is clear Bentz is an experienced litigant and would know that he must respond to discovery. The only appropriate sanction in this case is the dismissal of Bentz's claims. Although the Court is required to consider other sanctions before dismissal, other sanctions would not be effective against Bentz. *See Rivera,* 767 F.3d at 686-87; *Hoskins*, 633 F.3d at 544. Staying the proceedings clearly did not work. Further, an order striking pleadings or excluding evidence from Bentz would most likely result in summary judgment for the defendants and a dismissal of the case. Thus, the only appropriate sanction for Bentz is dismissal.

## CONCLUSION

For the reasons stated above, Defendants' motion for sanctions is **GRANTED.** This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 27, 2021**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
